# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 11-013-SLR |
| | ) |
| M. MANGE, KENT COUNTY, | ) |
| DELAWARE, B. BROOKE, and | ) |
| KENT LEVY COURT, INC. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this ___ day of April, 2011, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that all claims, with the exception of the "Takings Clause" claim, are dismissed as frivolous pursuant to 28 U.S.C. § 1915; and that it is appropriate to encourage legal representation for plaintiff by an attorney inasmuch as plaintiff appears pro se and is unable to afford legal, for the reasons that follow:

1. **Background.** Plaintiff Michael Duffy ("plaintiff") filed this civil action on January 4, 2011. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515

F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). An action is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. The allegations are related to the aftermath of a coastal storm that occurred on May 12, 2008, and the displacement of individuals from their property

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

as a result of the storm. This is the seventh complaint plaintiff has filed in this court in an effort to redress perceived violations.² The others are: (1) *Duffy v. Novoro*, 09-197-SLR, dismissed as frivolous July 21, 2009; (2) *Duffy v. Kent County Levy Court*, 09-198-SLR; (3) *Duffy v. Delaware*, 09-817-SLR, dismissed pursuant to Fed. R. Civ. P. 12(b)(6); (4) *Duffy v. Angel*, 10-383-SLR, dismissed as frivolous August 16, 2010; *Duffy v. Mange*, 11-013-SLR, dismissed as frivolous and malicious September 21, 2010; *Duffy v. United States Army Corps of Engineers*, 11-224-SLR, filed March 14, 2011.

7. The instant complaint alleges violations of the Fifth Amendment "Takings Clause",³ the False Claims Act, 31 U.S.C. §§ 3729 through 3733; Fed. R. Civ. P. 71.1, which governs condemnation proceedings in federal court; 49 U.S.C. § 24311, which provides Amtrak the authority to acquire interests through eminent domain proceedings; and 16 U.S.C. § 814, which permits the acquisition of sites for the purpose of developing waterways by the exercise of the right of eminent domain in the federal district court in which the land is located or in the state courts.⁴

---

²P. Brooks Banta, President of the Kent County Levy Court is improperly named by plaintiff as B. Brooke. The Clerk of Court is directed to correct the docket.

³Plaintiff opines that *Kelo v. City of New London*, 545 U.S. 469 (2005) is inapplicable. *Kelo* holds that a city's exercise of eminent domain in the furtherance of an economic development plan satisfies the constitutional public use requirement.

⁴Plaintiff posits that this court's opinion and order in Civ. No. 09-198-SLR at D.I. 90 and 91 "requires a separate action for being a citizen in denying motion to amend the legal issues." (D.I. 1 at ¶ 4) Plaintiff goes on to state that "this action only serves as result perceived legal gap of separation of disabled right from civil rights by the opinion made in 9/2010." (*Id.* at ¶ 8)

8. As in other cases, plaintiff again complains of the condemnation of his family cottage, eviction, demolition, in addition to the new theories set forth above. Virtually all of these allegations have either been raised in various other complaints here and in the State Court, or they are related to the other cases plaintiff has filed. The new statutes and theories, with the exception of the Takings Clause discussed below, do not aid plaintiff in his quest for relief. Therefore, the claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b).

9. Plaintiff, however, adds the new allegation that his land is "now referred to simply as 'county holdings'" and alleges that defendants have refused demands for payment of costs. The Takings Clause, -"nor shall private property be taken for public use, without just compensation," U.S. Const. Amdt. 5 - applies as fully to the taking of a landowner's riparian rights as it does to the taking of an estate in land. *Stop the Beach Renourishment, Inc. v. Florida Dept. of Environment Protection*, __U.S.__, 130 S.Ct. 2592, 2601 (2010). The classic taking is a transfer of property to the State or to another private party by eminent domain. *Id.* Liberally construing the complaint, as the court must, plaintiff has alleged a claim under the Takings Clause and he may proceed with this claim.

10. **Conclusion**. For the above reasons, plaintiff may proceed with the claim under the Takings Clause. All other claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915. Additionally, the court will direct the Clerk of Court to attempt to refer representation of plaintiff to a member of the Federal Civil Panel

IT IS FURTHER ORDERED that:

1. The Clerk of Court is directed to attempt to refer representation of plaintiff to a member of the Federal Civil Panel.

2. The court's Standing Order regarding the establishment of a Federal Civil Panel to provide legal representation to indigent parties in certain civil litigation is incorporated herein by reference.

IT IS FINALLY ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3), (d)(1) and (j)(2), plaintiff shall complete and return to the Clerk of Court an **original** "U.S. Marshal-285" forms for **Michael Petit de Mange, individually, and as chief executive officer of Kent County, Delaware, and P. Brooks Banta, individually, and as the president/chief executive officer of the Kent County Levy Court. Plaintiff shall also provide the court with a copies of the complaint (D.I. 1) for service upon defendants, individually, and as chief executive officers of Kent County, Delaware, and Kent County Levy Court, respectively. Plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms and copies of the complaint have been received by the Clerk of Court. Failure to provide complete "U.S. Marshal 285" forms and copies of the complaint within one hundred twenty (120) days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 1 above, the USMS shall forthwith serve a copy of the complaint (D.I. 1), this order, a "Notice of Lawsuit" form,

and a "Return of Waiver" form upon the defendant(s) so identified in each 285 form. All costs of service shall be advanced by the United States.

3. For each defendant who does not return an executed "Waiver of Service of Summons" form within thirty (30) days from the date that the "Notice of Lawsuit" and "Return of Waiver" forms were sent, plaintiff must complete a summons and submit the completed summons to the Clerk of Court for issuance. Plaintiff shall also provide to the Clerk of Court completed, original "U.S. Marshal-285" form(s) as set forth in paragraph 1 and copies of the complaint for service. Upon issuance of the summons by the Clerk of Court, the U.S. Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the costs related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

4. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

5. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

UNITED STATES DISTRICT JUDGE