IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-13-SLR-SRF |
| ) | |
| M. MANGE, KENT COUNTY ) | |
| DELAWARE, P. BROOKS BANTA and ) | |
| KENT LEVY COURT INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 25th day of June, 2013,

IT IS ORDERED that plaintiff's "Motion Regarding Lack of Equal Access" setting forth a request for appointment of counsel (D.I. 32) and plaintiff's "Motion As To Ad Hoc Hired Gun, Non-Witnesses" setting forth a request for appointment of an expert witness (D.I. 33) are DENIED for the following reasons:

1. **Appointment of Counsel:** The court referred the representation of plaintiff to a member of the Federal Civil Panel on September 2, 2011. (D.I. 17) As evidenced by the first three pages of the instant request for appointment of counsel (D.I. 32), the attorney-client relationship became irretrievably broken. As a result, the court revoked the order referring the case to the Federal Civil Panel on May 9, 2013. (D.I. 28).

2. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit

in fact and law. *Tabron*, 6 F.3d at 155.

3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

4. Plaintiff requests counsel on the grounds that he cannot communicate effectively with the court, and neither the Clerk's Office nor the court has provided him with legal advice. He seeks counsel to assist with discovery. Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted.

5. The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility, under Rule 17(c)(2),[1] to inquire sua sponte into whether a pro se litigant is incompetent to litigate his action and is, therefore, entitled to either appointment of a guardian ad litem or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 303, 307 (3d Cir. 2012).

6. The court considers whether Rule 17(c) applies "[i]f a court [is] presented with

---

[1] Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action."

evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Id.* The court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *See id.*

7. Although plaintiff claims that he is disabled under the Americans with Disabilities Act, there is no medical opinion in the record that he is incompetent. Nor is there evidence that plaintiff has been adjudicated incompetent by any court. The court finds that, under the circumstances, the evidence does not suffice to conclude that plaintiff is incompetent. Inasmuch as there is no substantial question regarding the competence of plaintiff, it is not necessary to conduct a Rule 17(c) competency hearing. For the above reasons, the court finds plaintiff is currently competent and declines to appoint a guardian or counsel to represent his interests pursuant to Rule 17(c).

8. Plaintiff is placed on notice that future requests to appoint counsel will be docketed, but not considered.

9. **Appointment of Expert Witness:** Plaintiff requests that the court appoint and fund an expert witness to respond to the expert witness retained by defendant. (D.I. 33) Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. The court has no authority, however, to finance or pay for a party's discovery

expenses. *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1999); *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (Section 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); *Ebenhart v. Power*, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

10. Plaintiff is placed on notice that future requests for appointment and/or funding of expert witnesses will be docketed, but not considered.

11. **Conclusion:** For the foregoing reasons, plaintiff's requests (D.I. 32; D.I. 33) are DENIED. The Clerk of Court shall cause a copy of this Memorandum Order to be mailed to plaintiff.

12. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may file and serve specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The written objections and response are each limited to five (5) pages.

13. The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

14. Since this Memorandum Order addresses a non-dispositive motion, any objections filed will not affect the findings, rulings, or decisions herein during the pendency of a decision on the objections.

　　　　　　　　　　　　　　　　　／s／ Sherry R. Fallon
　　　　　　　　　　　　　　　　　Sherry R. Fallon
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE