IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DUFFY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-13-SLR-SRF |
| ) | |
| M. MANGE, KENT COUNTY ) | |
| DELAWARE, P. BROOKS BANTA and ) | |
| KENT LEVY COURT INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 27th day of June, 2013,

IT IS ORDERED that plaintiff's motion for leave to amend the complaint (D.I. 30) is GRANTED, and defendants' Motion to Strike the Plaintiff's Motions to Amend (D.I. 31) is DENIED as moot for the following reasons:

1. **Background.** Plaintiff Michael Duffy ("plaintiff") filed this civil action on January 4, 2011. He appears pro se and has been granted leave to proceed in forma pauperis. The allegations are related to the aftermath of a coastal storm that occurred on May 12, 2008, and plaintiff's claim of displacement from his property as a result of the storm. In a memorandum order dated May 3, 2011, the court dismissed all but plaintiff's Takings Clause claim. (D.I. 7) On September 26, 2011, the parties entered into a joint stipulation to extend the time to file a responsive pleading indefinitely, giving the parties an opportunity to discuss whether amendment or consolidation of the action was appropriate. (D.I. 20) On May 30, 2013, plaintiff moved to amend the complaint, retaining his Fifth Amendment claim and adding a claim under the Fourth Amendment search and seizure clause. (D.I. 30)

2.    **Legal Standard.** Federal Rule of Civil Procedure 15(a)(1)(B) provides that a plaintiff may amend his pleading once as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B).

3.    **Discussion.** To date, defendant has not filed a responsive pleading to plaintiff's original complaint. Therefore, plaintiff may amend the complaint once as a matter of right. Fed. R. Civ. P. 15(a)(1)(B).

4.    **Conclusion.** For the foregoing reasons, plaintiff's motion for leave to amend the complaint (D.I. 30) is GRANTED, and defendant's motion to strike is DENIED as moot. The amended pleading shall consist of the Takings Clause claim asserted in the original complaint (D.I. 1)[1] and plaintiff's amendment (D.I. 30). The Clerk of Court shall cause a copy of this Memorandum Order to be mailed to plaintiff.

5.    This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1. The parties may file and serve specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The written objections and response are each limited to five (5) pages.

6.    The parties are directed to the court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the court's website, www.ded.uscourts.gov.

---

[1] Judge Robinson addressed the parameters of plaintiff's Takings Clause claim in paragraph 9 of the Memorandum Order dated April 29, 2011. (D.I. 7 at ¶ 9)

7.  Because this Memorandum Order addresses a non-dispositive motion, any objections filed will not affect the findings, rulings, or decisions herein during the pendency of a decision on the objections.

/s/ Sherry R. Fallon
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE